# WILLIAM F. PURCELL,

*vs.*

# JAMES COLEMAN ET AL.*

---

.Where leave is asked to file a bill of review on the ground of newly discovered evidence, it must appear, 1st, that such evidence has come to the knowledge of the party or his agent since the final decree was passed; 2d, that it is material—that is of a character which would probably change the results of the cause if unanswered, or at least raise a question of so much nicety and difficulty as to be a fit subject of judgment in the cause, but it must not be merely cumulative evidence; and 3d, it must satisfactorily appear to the Court that the petitioner could not, by using reasonable diligence, have procured the evidence on the trial of the cause.

In Equity No. 1706.   Decided November 1, 1864.

PETITION for leave to file a bill of review.

MESSRS. BRENT & MERRICK, for plaintiff.

MR. GILBERT S. MINER, for defendant.

MR. JUSTICE OLIN delivered the opinion of the Court:

This is an application for leave to file a bill of review, or in other words, to set aside the decree in the cause pronounced by one of the justices of this Court sitting in equity and affirmed on appeal, upon the ground of newly discovered evidence.

The complainant under an order of one of the justices of this Court, and since the affirmance of the decree, has taken several depositions which are produced on this motion and thereby moves the court to judge whether the evidence proposed to be given on the retrial of the cause would probably change the result at which the court arrived on the trial, and if so, whether such evidence might not with reasonable diligence have been produced on the hearing of the

---

*Affirmed by the Supreme Court of the United States.  See Purcell *vs.* Coleman, 4 Wall., 519.

cause. The principles which govern applications of this kind in a court of equity are identical with those which control a motion for a new trial in a court of law.

1st. The evidence must be newly discovered—that is it must have come to the knowledge of the party or his agent since the final decree was passed.

2d. It must be material, and by this is meant, it must be of a character which would probably change the results of the cause if unanswered, or at least raise a question of so much nicety and difficulty as to be a fit subject of judgment in the cause. See 1 Eden 25, Story's Eq. Pl. sec, 413; Blake *vs.* Foster, 2d Mosely, 257, 2d John. Chy. Rp. 488, 3 John Chy. Rpt. 124. This rule also excludes evidence which is merely cumulative, that is evidence to points upon which the applicant had given testimony on the first hearing.

3d. The evidence must not only be newly discovered evidence, but it must satisfactorily appear to the Court that the petitioner, could not, using reasonable diligence, have procured the evidence on the trial of the cause. See Young *vs.* Riply, 16 Vesey, 353.

Tested by the light of these rules the application discloses nothing which would justify setting aside the decree in this cause and granting a new trial.

The evidence proposed to be given by the witnesses, Duffey, Beal and Gunton is in substance the verbal admissions of Coleman that he had made the agreement set out in the bill of complaint in this cause, to exchange his house and lot in this city for the farm of the complainant in Virginia.

Testimony of the same kind, to wit, verbal admissions of the contract and its terms, was given by various witnesses on the trial of the cause differing in no substantial feature from what is offered to be proven by Duffey, Beal or Gunton. This evidence is, therefore, merely cumulative and affords no grounds for opening the case and granting a new hearing. The evidence proposed to be given by the wit-

ness, Collins, is material and important. It is, in substance, offered to be proven by this witness, that after possession was delivered of the house and lot to the complainant by Coleman, the witness Collins, was employed by the complainant to make certain repairs upon the house and premises and that there was expended some hundred or more dollars in such repairs.

This testimony was vitally important, if true, on the bearing of this cause. But it is not newly discovered evidence.

The complainant does not deny and cannot deny, but that he knew as well when the cause was tried, as he knows to-day, that he had employed Collins and expended money in making repairs upon the house and lot. Why was not this evidence given on the trial then? The excuse set up in the papers is that Collins entered the Military Service of the United States in June, 1861, and only returned to the District the present year. It is not suggested that Collins' testimony might not have been taken even in this District, or whether any effort was made to procure it or any application to the Court below to postpone the final hearing until such testimony could be procured. To grant new trials under such circumstances and for such a cause would render litigation interminable.

The evidence proposed to be given by Mrs. Margaret Scott would doubtless have shown quite material and more satisfactory than any given on the trial as to the existence of the contract set up in the bill of complaint. It is alleged that at the time of the making of such contract, she was resident in the complainant's house and actually present and heard the negotiations between the parties, which resulted in the agreement to exchange the house and lot for the farm.

This is the first testimony in the case given or proposed to be given as to the making of the contract which does

not rest solely in the verbal admissions of the defendant Coleman.

It appears from Mrs. Scott's deposition that at the time of making the alleged contract she was resident in the complainant's house and that the contract was made in the house and in her presence. Where Mrs. Scott has been since the making of the contract and up to the time of the hearing in the Court below we are not informed. Still less are we informed how it has happened that the complainant should have forgotten until after final judgment and decree, that the contract was made in his own house and in the presence and hearing of one or more members of his family. Testimony under such circumstances could in no proper sense of the term be called newly discovered eviden. It could much more appropriately be called newly forgotten evidence.

The rule, as we have seen, not only requires that the evidence which authorizes the Court to grant an application of this kind, must be newly discovered, that is, evidence that came to the knowledge of the party for the first time after it was too late to produce it at the hearing, but it further requires that the conscience of the Court be satisfied that the party could not with reasonable diligence have discovered such evidence before the final hearing of his cause.

Of course the complainant knew when the alleged contract was made, if at all. The first and most obvious idea which would have occurred to him when the existence of the alleged contract was denied are, how can I prove the truth of my allegations? When and where was the contract made, and who was present at its making?

It is sufficient to say that the evidence proposed to be given by Mrs. Scott is not newly discovered evidence; but if it were so, it is almost absurd to say that reasonable diligence has been used to discover it.

The motion in this case must be denied.